Anil Dass (SBN #2698777)
John Ciafone (SBN #2652865)
Law Office of Dass & Ciafone
23-22 Steinway Street
Astoria, New York 11105
Tel: 718-255-5934
Fax:
Email: anildass@earthlink.net
          dassciafone@gmail.com


Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANIL DASS, individually and on behalf of all those similarly situated,<br><br>        Plaintiff,<br><br>     vs.<br><br>NATURE'S WAY PRODUCTS, LLC<br>        Defendant. | ) Case No.:<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## INTRODUCTION

1.     From at least October 11, 2012 through the present (the "Class Period"), Nature's Way Products, LLC ("Defendant" or "Nature's Way") deceptively and misleadingly labeled and marketed its products, including the following Nature's Way product(s): Nature's Way Alive! Once Daily Men's Ultra Potency Multivitamin (Collectively the "Products") as containing no gelatin, when in fact, Nature's Way Alive! Once Daily Men's Ultra Potency Multivitamin contains notable doses of gelatin.

2.     Throughout the Class Period, Nature's Way has systematically mislabeled its Products by not including the ingredient "gelatin" on the label such that any U.S. consumer purchasing the Product is exposed to Nature's Way misrepresentations.

3.      Nature's Way also mislabels and markets the Products incorrectly on its website, on third party marketplace websites, and in print and television advertisements.

4.      Nature's Way deceives and misleads consumers by labeling and marketing its Products as "premium" quality where many of the Products, including Nature's Way Alive! Once Daily Men's Ultra Potency Multivitamin, are made with ingredients not included on the label.

5.      Nature's Way conduct harms consumers by inducing them to purchase and consume the Products on the false premise that the Products are made with "quality without compromise." This Nature's Way slogan induces the consumers trust in the manufacturing of the Products. The consumer believes that the Products are made up with no gelatin, since there is no listing for it on the label, when in fact the Products contain notable doses of gelatin.

6.      Plaintiff Anil Dass brings this lawsuit against Nature's Way individually and on behalf of a nationwide class including all other similarly situated purchasers of the Products.

7.      Based on Nature's Way representations that the Products were gelatin free, Plaintiff and the Class paid a premium for the Products over comparable products that did not purport to be gelatin free. Instead of receiving products that were gelatin free, Plaintiff and the Class received the Products, which, contrary to Nature's Way representations, contained the unlabeled ingredient. This was a material harm to the Plaintiff as his religion (i.e. Hinduism) does not allow for consumption of gelatin.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over the individual and class claims asserted herein pursuant to 28 U.S.C. § 1332, as amended in 2005 by the Class Action Fairness Act, as: (A) the amount in controversy in this class action exceeds $5,000,000, exclusive of interests and costs; and (B) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant. In addition, Plaintiff Anil Dass is a citizen of a state different from that of Defendant, a Wisconsin Corporation.

9.      The Court has personal jurisdiction over Plaintiff. Defendant Nature's Way maintains headquarters in Green Bay, Wisconsin and conducts business throughout the United States of America. Plaintiff Anil Dass is a citizen of Queens, New York.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(a) & (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11.     Plaintiff Anil Dass is a resident of Queens, New York and an individual consumer. During the Class Period, Mr. Dass purchased and used Alive! Once Daily Men's Ultra Potency Multivitamin ("Alive! Men's Multivitamin") in Queens, New York from Amazon.com. As with all members of the Class, Mr. Dass paid a premium for the Nature's Way Products based upon the representation that the Products include no gelatin, in excess of the price for comparable products not purporting to be gelatin free.

12.     Defendant Nature's Way Products, LLC. is headquartered in Green Bay, Wisconsin. The company markets its Products online through the website <https://www.naturesway.com> ("Naturesway.com") and operates an active storefront on Amazon.com selling the Products. Defendant maintains supply chain control over the manufacture of the Products, operates as an online retailer, and distributes the Products, business-to-business, to major retail outlets throughout the U.S.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Purchase of the Products

13.     Plaintiff Dass purchased Nature's Way Alive! Once Daily Men's Ultra Potency Multivitamin from Amazon.com.

### Nature's Way Extensive, Long-Term Marketing Campaign

14.     Since at least October 11, 2012, Nature's Way at all times has marketed, and continues to market, itself as a "Good Manufacturing Practice" company.

15.     Nature's Way created a national advertising campaign, designed and carried out from the company's headquarters in Wisconsin.

16.     Nature's Way has engaged in this extensive and long-term marketing campaign to convince potential customers, first, that the company's products are gelatin free, and, second,

that the company's marketing representations should be taken literally, because the Defendant is "committed to good manufacturing quality and safety when managing [their] products."

17.    Mr. Dass actually witnessed Nature's Way campaign.

18.    The campaign was sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to require the plaintiff to plead relying upon each advertised misrepresentation.

19.    Representative samples of the campaign are contained herein.

20.    On information and belief, Nature's Way has spent millions of dollars marketing its own brand and its products to carefully cultivate a brand image that its products are properly labeled and of the highest quality.

21.    Nature's Way's marketing campaign has been uniform, widespread, continuous, and contained in various media.

22.    The following excepted screenshot appeared on Nature's Way's Facebook on May 15, 2020, displaying the widespread number of consumers following the page:



23.    Nature's Way's marketing campaign has included and includes traditional media and new media, such as print circulars, television advertisements, television appearances, social media promotions, sales copy on its own website, and sales copy on third party marketplace websites, so that Nature's Way "authentic" and "quality" representations are available to consumers via numerous media platforms, extending to all or substantially all potential and actual customers.

24.    Nature's Way's marketing campaign has been designed to induce consumers to trust the Nature's Way brand and Nature's Way's marketing representations that its products are "authentic" and of the highest "quality."

25.    Nature's Way makes these representations as to each of the Products, and the representations contained within the marketing campaign are similar by category to one another.

26.    Nature's Way includes its brand name on all of its Products.

27.    Thus, since at least October 11, 2012 and up to the filing of this lawsuit, Nature's Way has disseminated its marketing statements to the public, rising to the level of an extensive, long-term marketing campaign.

28.    On January 25, 2019, Nature's Way released an advertisement featuring VP of Quality, Travis Borchardt, broadcasted representations that Nature's Way's Products are of "quality" and "authenticity."

29.    Nature's Way has adopted a marketing slogan that their Products are made with "Quality Without Compromise."

30.    The following excepted screenshot appeared on Naturesway.com on May 12, 2020, displaying the January 25, 2019 "Quality Without Compromise" advertisement:



**<u>Nature's Way "Authentic" and "Quality" Marketing Claims</u>**

31.    Nature's Way sells the Products to consumers at a ten to twenty percent premium, based on its marketing representations that the Products are of the highest "quality."

32.    Nature's Way features these marketing claims on its own website including in the following screenshot from Naturesway.com captured on May 11, 2020:

# Quality Commitment

We believe our obsession with quality makes for better supplements. When you take a Nature's Way product, you can rest easy knowing that the ingredients in our products have undergone rigorous testing and approvals before they make their way to you.

33.    Nature's Way sells its Products online.

34.    Nature's Way represents that each of the Products is "quality."

35.    Nature's Way representations that the Products are "quality" have appeared and continue to appear prominently in some or all of the following: descriptions online, labels affixed to containers, and other advertising materials.

36.    Nature's Way amplifies its representations that the Products are "quality" by way of its company name, and by way of the words "premium" and "quality" on product labels and in product names.

37.    Nature's Way features these marketing claims on its own website including in the following screenshot from Naturesway.com captured on May 11, 2020:



38.     Nature's Way further amplifies its representations that the Products are "quality" with supplemental representations, including that the Products do not contain harsh chemicals, are safe, are non-toxic, and are created following the Good Manufacturing Practice ("GMP") guidelines.

39.     The following excepted screenshot appeared on Naturesway.com on May 15, 2020, displaying their commitment to the GMP guidelines:





40.     Nature's Way supplemental representations appeared and continue to appear prominently in descriptions online, labels affixed to containers, and other advertising materials.

*Nature's Way Alive! Once Daily Men's Ultra Potency Multivitamin*

41.     Nature's Way Alive! Men's Multivitamin product packaging stated and continues to state that the Product is quality by stating it is of "premium formula."

42.     The following excepted screenshot appeared on Nature's Way on May 11, 2020, displaying Nature's Way's Product packaging:

1
2
3
4
5
6
7
8
9
10
11
12
13



14    43.    Naturesway.com described and continues to describe Nature's Way Alive! Men's

15  Multivitamin as "premium formula," and in doing so, has amplified its representation that

16  Nature's Way is of "premium" quality.

17    44.    By doing this, along with their marketing advertisements, Nature's Way has

18  demonstrated to costumers that they are committed to being transparent regarding all ingredients

19  in their Products.

20    45.    The following excerpted screenshots appeared on Naturesway.com on May 11,

21  2020, stating Nature's Way Alive! Men's Multivitamin ingredients:

22
23
24
25
26
27
28

| OVERVIEW | PRODUCT LABEL |
|---|---|

**PRODUCT LABEL**

| Serving Size: 1 Tablet Tablet | Amount/Serving | %DV |
|---|---|---|
| Total Carbohydrate | <1 g | <1%† |
| Vitamin A (as 50% [675 mcg] beta carotene, 50% [675 mcg] retinyl acetate) | 1,350 mcg | 150% |
| Vitamin C (Ascorbic Acid) | 203 mg | 226% |
| Vitamin D3 (as cholecalciferol) | 50 mcg | 250% |
| Vitamin E (as d-alpha tocopheryl succinate) | 60 mg | 400% |
| Vitamin K (as phytonadione) | 120 mcg | 100% |
| Thiamin (as thiamin mononitrate) | 20 mg | 1,667% |
| Riboflavin (vitamin B2) | 20 mg | 1,538% |
| Niacin (as Niacinamide) | 40 mg | 250% |
| Vitamin B6 (as pyridoxine HCl) | 34 mg | 2,000% |
| Folate (418 mcg Quatrefolic® brand (6S)-5-methyltetrahydrofolate glucosamine salt) | 400 mcg DFE | 100% |
| Vitamin B12 (as methylcobalamin) | 40 mcg | 1,667% |
| Biotin | 33 mcg | 110% |
| Pantothenic Acid (as D-calcium pantothenate) | 20 mg | 400% |
| Choline (as Choline Bitartrate) | 20 mg | 4% |
| Calcium (from Aquamin® calcified mineral source Red Algae Lithothamnion sp. [whole plant]) | 130 mg | 10% |
| Iodine (as potassium iodide) | 150 mcg | 100% |
| Magnesium (from Aquamin® calcified mineral source Red Algae Lithothamnion sp. [whole plant] and as magnesium oxide) | 55 mg | 13% |
| Zinc (as zinc oxide) | 22 mg | 200% |
| Selenium (as sodium selenate) | 200 mcg | 364% |
| Copper (as copper sulfate) | 1.8 mg | 200% |

Class Action Complaint

| | | |
|---|---|---|
| Manganese (as manganese sulfate) | 5.8 mg | 252% |
| Molybdenum (as sodium molybdate) | 45 mcg | 100% |
| Potassium (as potassium chloride) | 5 mg | <1% |
| Men's Blend: Saw Palmetto (berry), Lycopene (from Tomato Extract) (1 mg) | 101 mg | ** |
| Orchard Fruits™ & Garden Veggies™ Powder Blend: Blueberry, Orange, Carrot, Pomegranate, Plum, Strawberry, Apple, Beet, Cherry, Pear, Tomato Cauliflower, Raspberry, Açaí, Asparagus, Banana, Broccoli, Brussels Sprout, Cabbage, Cranberry, Cucumber, Grape, Pea, Pineapple, Pumpkin, Spinach | 60 mg | ** |
| Energy & Endurance Blend: : Eleuthero (root), Rhodiola Extract (root) standardized to 3% rosavins (0.15 mg) and 1% salidroside (0.05 mg), Asian Ginseng Extract (root), Gotu Kola (aerial parts) | 30 mg | ** |
| Cardio Blend: Hawthorn (berry), Japanese Knotweed (root) Extract standardized to 50% resveratrol (1 mg), Coenzyme Q10 (Ubiquinone 10) | 20 mg | ** |
| Citrus Bioflavonoid Complex (from Orange, Grapefruit, Lemon, Lime, Tangerine) Providing Hesperidin, Naringin, Narirutin, Eriocitrin, Flavonols and Flavones | 20 mg | ** |
| Daily Greens™ Blend providing Amino Acids: Spirulina, Kelp, Alfalfa (leaf, stem, flower), Barley (grass), Blessed Thistle (stem, leaf, flower), Blue-Green Algae (Aphanizomenon flos-aquae), Chlorella (micro-algae), Cilantro (leaf), Dandelion (aerial parts), Lemon Balm (leaf), Lemongrass, Nettle (Urtica spp.) (leaf), Plantain (leaf), Wheat (grass) | 20 mg | ** |
| Digestive Enzyme Blend: Concentrated Enzyme formula (Protease I, Protease II, Amylase, Lactase, Peptidase, Cellulase, Invertase, Alpha Galactosidase, Lipase), Betaine HCI, Bromelain, Papain | 20 mg | ** |
| Inositol | 20 mg | ** |
| Mushroom Mycelial & Primordia Biomass Defense Blend: Organic Reishi (Ganoderma lucidum), Organic Shiitake (Lentinula edodes), Organic Oyster Hiratake (Pleurotus ostreatus), Organic Enokitake (Flammulina velutipes), Organic Maitake (Grifola frondosa), Organic Yamabushitake (Hericium erinaceus), Organic Agarikon (Fomitopsis officinalis), Organic Chaga (Inonotus obliquus), Organic Himematsutake (Agaricus brasiliensis/blazei), Organic Kawaratake (Trametes versicolor), Organic Mesima (Phellinus linte | 20 mg | ** |
| Rutin (from Sophora japonica) (flower bud) extract | 5 mg | ** |
| Lutein (from Aztec marigold) | 500 mcg | ** |

† Based on 2000 calorie diet.

**OTHER INGREDIENTS**

cellulose, stearic acid, sodium croscarmellose, silica, hypromellose, magnesium stearate, glycerin, brown rice

**WARNINGS**

Warning

Not formulated for women or children. Do not take if you are pregnant or nursing. Do not exceed recommended dose.

If you are taking any medications, consult a healthcare professional before use.

Keep out of reach of children.

Store at room temperature. Keep bottle tightly closed.

*This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

Class Action Complaint

**Untrue, Misleading, and/or Deceptive Claims**

46.    Nature's Way's marketing claims are misleading, deceptive, and/or untrue.

47.    Nature's Way falsely represented and continues to represent, expressly and by implication, that the Products are authentic and of the highest quality.

48.    "Authentic" in the context of Nature's Way Products means each product has not been mislabeled, has underwent extensive testing, and includes all ingredients on the label, as per GMP guidelines.

49.    The representation that a product is "quality" is material to a reasonable consumer. This is evidenced by Nature's Way labeling its products as "premium" or "authentic" in product packaging and online webpage descriptions on Naturesway.com, Amazon.com, and in other marketing materials.

**Nature's Way's Nationwide Distribution**

50.    Wisconsin has significant contacts to the claims assorted by the class.

51.    On information and belief, Nature's Way has designed, controlled, and overseen a national production and distribution network from the company's headquarters in Wisconsin.

52.    According to the company's public statements, Nature's Way contracts with third-party manufacturing and supplier facilities to produce and distribute the Products. On information and belief, Nature's Way controls its supply chain from its company headquarters in Wisconsin and two satellite offices located in Nevada and Minnesota.

53.    Nature's Way sells the Products online via Naturesway.com, a direct-to-consumer e-commerce website for consumers to purchase the Nature Way brand Products. On information and belief, Nature's Way controls its entire e-commerce operation from its company headquarters in Wisconsin and two satellite offices located in Nevada and Minnesota.

54.    Nature's Way actively generates traffic to its website through promotions on Facebook.com and Twitter.com, on information and belief, operated from the company's headquarters in Wisconsin.

55.    Nature's Way uploads Product videos on its YouTube account, on information and belief, operated from the company's headquarters in Wisconsin.

56.    The following excerpted screenshots appeared on Youtube.com on May 12, 2020, demonstrating Nature's Way's YouTube activity:



57.    Nature's Way also sells the Products through a popular online storefront in the Amazon.com marketplace. On information and belief, Nature's Way controls its Amazon storefront from its company headquarters in Wisconsin.

58.    The following excerpted screenshots appeared on Amazon.com on May 15, 2020, demonstrating Nature's Way's Storefront activity on Amazon.com:



12

59.     Nature's Way distributes the Products, business-to-business, for purchase in big box chain retail locations nationwide, including Amazon, Swanson Walgreens iHerb, Walmart, the Vitamin Shoppe, and Vitacost across the United States. On information and belief, Nature's Way controls national distribution of the Products from its company headquarters in Wisconsin.

60.     The following excerpted screenshots appeared on Naturesway.com on May 15, 2020, showing some of Nature's Way's retail locations nationwide:

 

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action on behalf of himself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a nationwide class he seeks to represent, defined as:

> All U.S. residents who have purchased Alive! Once Daily Men's Ultra Potency Multivitamin (the "Product(s)") from October 11, 2012 through the final disposition of this and any and all related actions (collectively, the "Class") for personal use and not for resale.

62.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

63.     Plaintiff reserves the right to amend the Class definition, and to add subclasses, as warranted by facts discovered.

64.    Excluded from the Class are Nature's Way; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof.

65.    Class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

66.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that joinder is impracticable. Upon information and belief, there are millions of individual purchasers of the Products. The precise number of class members is unknown to Plaintiff, but may be ascertained, including by objective criteria. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

67.    **Commonality and Predominance—Federal Rules of Civil Procedure 23(a)(2) & 23(b)(3).** This action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class. Common questions include:

(a)    Whether Nature's Way represented and continues to represent that certain Nature's Way Products are authentic;

(b)    Whether Nature's Way represented and continues to represent that certain Nature's Way Products are of premium quality;

(c)    Whether Nature's Way marketing representations are false, deceptive, and misleading;

(d)    Whether Nature's Way representations are likely to deceive a reasonable consumer;

(e)    Whether Nature's Way had knowledge that its representations were false, deceptive, and misleading;

(f)    Whether Nature's Way continues to disseminate its representations despite knowledge that the representations are false, deceptive, and misleading;

(g)    Whether a representation that a product is of premium quality is material to a reasonable consumer of natural products;

(h)      Whether a representation that a product is authentic is material to a reasonable consumer of products;

(i)      Whether Nature's Way violated New York General Business Law § 349, *et seq.;*

(j)      Whether Nature's Way violated New York General Business Law § 350. *et seq;*

(k)      Whether Nature's Way breached a contractual obligation to Plaintiff and members of the Class; and

(l)      Whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

68.      Nature's Way engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

69.      **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all members of the Class were comparably injured through the uniform misconduct described above and were subject to Nature's Way false, deceptive, misleading, and unfair labeling and marketing practices, including the false claims that the Products are safe and/or quality. Further, there are no defenses available to Nature's Way unique to individual Class Members.

70.      **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the members of the Class because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has retained competent counsel with experience in complex class action litigation; and Plaintiff will prosecute this action vigorously. Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel.

71. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Nature's Way has acted or refused to act on grounds generally applicable to Plaintiff and other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

72. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Nature's Way, so it would be impracticable for members of the Class to seek redress for Nature's Way wrongful conduct on an individual basis. Individualized litigation would also pose the threat of significant administrative burden to the court system. Individual cases would create the potential for inconsistent or contradictory judgments and would increase delay and expense to all parties and the court system. By contrast the class action device presents far fewer management difficulties and provides the streamlined benefits of singular adjudication and comprehensive supervision by one court. Given the similar nature of the class members' claims, the Class will be easily managed by the Court and the parties and will be managed more efficiently in this integrated class action than through multiple separate actions in the various states.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Breach of Contract:**

**Plaintiff and Class Members Who Purchased Nature's Way Alive! Men's Multivitamin**

73.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

74.     During the Class Period, Nature's Way offered the Products to Plaintiff and Class Members.

75.     In exchange for Nature's Way promise of authentic, gelatin-free goods, Plaintiff and Class Members purchased and paid a premium.

76.     Nature's Way breached its promise of providing authentic goods by providing Products that did not disclose all ingredients (i.e. gelatin).

77.     Nature's Way directly benefitted from, and is being unjustly enriched by, its breach of its promise to provide natural goods.

78.     As a result of Nature's Way breach of its promise to provide natural goods, Plaintiff and the Class Members have been harmed and have suffered damages in an amount to be determined by this Court but at least $5,000,000, plus interest on all liquidated sums.

### SECOND CLAIM FOR RELIEF

**Violation of New York's General Business Law § 349 *et seq.***

**Deceptive Acts and Practices Unlawful.**

79.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

80.    Plaintiff brings this claim for relief pursuant to the New York's General Business Law

81.    Nature's Way conduct violated the N.Y. Gen. Bus. Law § 349, which prohibits "Deceptive acts or practices in the conduct of any business, trade or commerce . . . ."

82.    Nature's Way is conducting "business," as defined N.Y. Gen. Bus. Law § 349.

83.    Plaintiff and the Class Members are "in the conduct of business" within the meaning of N.Y. Gen. Bus. Law § 349.

84.    Plaintiff and the Class Members purchased the Products for personal, family, and household purposes as meant by UCC §2-103

85.    Each purchase of the Products by Plaintiff and each Class Member constitutes "business" within the meaning of N.Y. Gen. Bus. Law § 349.

86.    In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment and paid a higher price for Nature's Way Products than they would have paid for products of another brand.

87.    In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment and paid for ineffective products.

88.    Nature's Way's conduct is ongoing and, unless restrained, likely to recur.

89.    Plaintiff, on behalf of himself and Class Members, seeks injunctive relief prohibiting Nature's Way from engaging in the misconduct described herein.

90.    Plaintiff seeks attorneys' fees and costs as allowed by law.

91.    On May 20, 2020 Plaintiff sent a notice letter to Nature's Way, a copy of which is attached hereto as Exhibit A. If Nature's Way fails to provide appropriate relief for its violations of N.Y. Gen. Bus. Law § 349 within reasonable notice of receipt of Plaintiff's notification, in accordance with New York State Civil Practice Law and Rules § 904, Plaintiff and the Class are entitled, and Plaintiff will amend the Compliant accordingly, to recover or obtain any of the following relief for Nature's Way's violations of N.Y. Gen. Bus. Law § 349:

(a)     actual damages under New York State Civil Practice Law and Rules § 909;

(b)     restitution of property under New York State Civil Practice Law and Rules § 909:

(c)     punitive damages under New York State Civil Practice Law and Rules § 909 and because Nature's Way has engaged in fraud, malice or oppression;

(d)     attorneys' fees and costs under New York State Civil Practice Law and Rules § 909; and

(e)     any other relief the Court deems proper under New York State Civil Practice Law and Rules § 909.

92.    Plaintiff has prepared and attached a declaration as Exhibit B stating facts showing this action has been commenced in a court described as a proper place for the trial of the action.

### THIRD CLAIM FOR RELIEF

**For Violation of New York's General Business Law § 350 *et seq.***

**False Advertising Unlawful.**

93.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

94.    New York's General Business Law § 350 *et seq.,* prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products such as the Products.

95.    Nature's Way acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and the Class Members. Nature's Way uses Naturesway.com, Amazon.com, along with other social media, including Facebook, Twitter, and television advertisements, to extensively market the Products with misleading and untrue marketing representations to consumers.

96.    By its actions, Nature's Way has been and is disseminating uniform marketing statements concerning the Products, which by their nature are unfair, deceptive, untrue or misleading within the meaning of New York's General Business Law § 350 *et seq*. The statements are likely to deceive and continue to deceive the consuming public for the reasons detailed above.

97.    Nature's Way intended, and continues to intend, Plaintiff and the Class Members to rely upon the marketing statements and numerous material misrepresentations as set forth more fully elsewhere in this Complaint. In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment.

98.    The above described false, misleading and deceptive marketing representations Nature's Way disseminated continue to have a likelihood to deceive Plaintiff and Class Members.

99.    As a result of Nature's Way wrongful conduct, Plaintiff and the Class Members have been aggrieved by Nature's Way practices in that they purchased the Products based on Nature's Way misrepresentations, and Plaintiff on behalf of all Class Members seeks equitable relief requiring Defendants to refund and restore to Plaintiff and all Class members all monies they paid for the Nature's Products in an amount to be determined by this Court but at least

$5,000,000, and injunctive relief prohibiting Defendants from engaging in the misconduct described herein.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

100.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

101.    Plaintiff and the Class Members bring this claim in the alternative to their Breach of Contract claims.

102.    Nature's Way unjustly retained a benefit at the expense of Plaintiff and the Class Members in the form of substantial revenues and payments from Plaintiff and the Class Members for the Products and from Nature's Way's conduct in misrepresenting that the Products were natural or effective.

103.    It would be unjust and inequitable for Nature's Way to retain the benefits Nature's Way received and continues to receive from Plaintiff and the Class Members, absent repayment to Plaintiff and the Class Members for the premium they paid in exchange for Products falsely represented as "authentic" and "premium quality."

104.    It would be unjust and inequitable for Nature's Way to retain the benefits Nature's Way received and continues to receive from Plaintiff and the Class Members, absent full repayment to Plaintiff and the Class Members who purchased Alive! Men's Multivitamin.

105.    Plaintiff and the Class Members have no adequate remedy at law.

106.    Plaintiff seeks restitution, disgorgement, and/or constructive trust on all of the inequitable payments and profits Nature's Way retained from Plaintiff and the Class Members in an amount to be determined by this Court but at least $5,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for:

A.      An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

B.      Declaratory and injunctive relief as permitted by law or equity, including enjoining Nature's Way from continuing the unlawful practices described herein, and directing Nature's Way to identify, with Court supervision, victims of the misconduct and pay them restitution and disgorgement of all profits and unjust enrichment Nature's Way acquired by means of any business practice declared by this Court to be unlawful, unfair, and fraudulent;

C.      An Order for Nature's Way to engage in a corrective advertising campaign;

D.      Damages in an amount to be determined by this Court but at least $5,000,000;

E.      Restitution, disgorgement, and/or constructive trust on all of the inequitable payments and profits Nature's Way retained from Plaintiff and the Class Members in an amount to be determined by this Court but at least $5,000,000;

F.      Attorneys' fees, per New York State Civil Practice Law and Rules § 909;

G.      Expenses and costs of this action;

H.      Pre-judgment and post-judgment interest; and

I.      Such other and further relief as the Court may deem just and proper.


Dated: May 19, 2020


                                    *By*  _/s/ Anil Dass_____
                                    Anil Dass, Esq.
                                    John Ciafone, Esq.
                                    LAW OFFICE OF DASS & CIAFONE
                                    23-22 Steinway Street
                                    Astoria, New York 11105
                                    Tel: (718) 255-5934
                                    Email: anildass@earthlink.net
                                    Email: dassciafone@gmail.com

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.


Dated: May 19, 2020


By _/s/ Anil Dass_____

Anil Dass, Esq.

John Ciafone, Esq.

LAW OFFICE OF DASS & CIAFONE

23-22 Steinway Street

Astoria, New York 11105

Tel: (718) 255-5934

Email: anildass@earthlink.net

Email: dassciafone@gmail.com